Chen v. Holder

BIA
A072 780 421

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of October, two thousand thirteen.

PRESENT:
>       DENNIS JACOBS,
>       DENNY CHIN,
>       SUSAN L. CARNEY,
>           *Circuit Judges.*

_____

GUO REN CHEN,
>       *Petitioner,*

>       v.                                    12-2495
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:          Gary J. Yerman, New York, NY.

FOR RESPONDENT:          Stuart F. Delery, Principal Deputy
                         Assistant Attorney General; Douglas
                         E. Ginsburg, Assistant Director;
                         Franklin M. Johnson, Jr., Trial
                         Attorney, Office of Immigration
                         Litigation, United States Department
                         of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Guo Ren Chen, a native and citizen of China, seeks review of a May 31, 2012 decision of the BIA denying his motion to reopen his deportation proceedings. *In re Guo Ren Chen*, No. A072 780 421 (B.I.A. May 31, 2012). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (*per curiam*). An alien seeking to reopen proceedings must move to reopen no later than 90 days after the date on which the final administrative decision was rendered and is permitted to file only one such motion. *See* 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2). Chen's order of deportation became final in 1995; so there is no dispute that Chen's second motion to reopen, filed in 2011, was untimely and number-barred. *See* 8 U.S.C. § 1101(a)(47)(B)(ii).

Chen alleges that he has become a devout Christian, and that the Chinese government's intensified crackdown on

Chinese Christians constitutes a material change in country conditions excusing his motion from the applicable time and numerical limitations. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3).

The BIA did not abuse its discretion in finding that Chen failed to demonstrate a material change of conditions in China. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008); *see also In re S-Y-G*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compares the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."). The BIA explicitly compared evidence of current conditions in China to those that existed at the time of Chen's deportation proceedings and reasonably determined that the evidence reflected a continuation of suppression rather than a material change. Therefore, because the BIA's inference that conditions in China have not materially changed "is tethered to the evidentiary record, we will accord deference to the finding." *See Siewe v. Gonzales*, 480 F.3d 160, 168 (2d Cir.

3

2007) ("[S]upport for a contrary inference – even one more plausible or more natural – does not suggest error.").

Because Chen's motion was defeated by the time and number limitations, we do not address his prima facie eligibility for asylum, withholding of removal, and relief under the Convention Against Torture. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4